United States Court of Appeals United States Court of Appeals
For the First Circuit For the First Circuit

No. 94-1124

UNITED STATES,

Appellee,

v.

LEON J. DODD,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Mark L. Wolf, U.S. District Judge]

Before

Cyr and Stahl, Circuit Judges,
and DiClerico, District Judge.*

Robert Sheketoff with whom Sheketoff & Homan was on brief for
appellant.
Despena Fillios Billings, Assistant United States Attorney, with
whom Donald K. Stern, United States Attorney, was on brief for
appellee.

January 6, 1995

*Of the District of New Hampshire, sitting by designation.

STAHL, Circuit Judge. After a four-day jury trial, STAHL, Circuit Judge.

defendant Leon Dodd was convicted on criminal charges

stemming from the shipment of various Iraqi weapons into the

United States following the end of the Gulf War. On appeal,

Dodd challenges the sufficiency of the evidence and whether

18 U.S.C. 545 actually proscribes the conduct for which he

was convicted. After careful review, we affirm.

I. I.

Background Background

Because Dodd challenges the sufficiency of the

evidence supporting his conviction, we recite the facts in

the light most favorable to the verdict. See, e.g., United

States v. Innamorati, 996 F.2d 456, 469 (1st Cir.), cert.

denied, 114 S. Ct. 409 (1993).

On December 5, 1990, Dodd, a First Sergeant in the

U.S. Army Reserves, shipped out to Saudi Arabia in

preparation for Operation Desert Storm. Dodd was initially

assigned to the 173d Medical Group, which was responsible for

managing health care services. After the war ended, Dodd was

assigned additional duties involving the inspection of

equipment scheduled for transport back to the United States.

Specifically, he was trained by the Customs Service, the

Military Police, and the Department of Agriculture to serve

as a designated Customs Inspector.

-2- 2

In August of 1991, Dodd ordered a shipping

container to be sent to his location in Saudi Arabia. Along

with equipment belonging to his reserve unit, Dodd stored

three Iraqi RPG ground-propelled rocket launchers and two

Iraqi mortar tubes with tripods and plates in the container.

Subsequently, he arranged for the container to be shipped to

his reserve unit's home post at Hanscom Air Force Base in

Bedford, Massachusetts. Dodd did not notify anyone that he

had placed the weapons, all of which were in working

condition, inside the container. Consequently, the U.S.

Army, which was the shipper of record, did not declare the

weapons to U.S. Customs.

Dodd, whose civilian job was a physical security

specialist with the 94th ARCOM1 at Hanscom Air Force Base,

listed himself as the contact person to be notified when the

container arrived in Massachusetts. Because Dodd was on

vacation when the container arrived, another individual

opened it and discovered the weapons. Subsequently, an

officer from Dodd's reserve unit confronted Dodd and queried

whether Dodd had the proper paperwork for the weapons. Dodd

responded affirmatively and then proceeded to create false

documents that purportedly authorized the shipment of the

weapons as war trophies. Prior to the container's arrival,



1. The 94th ARCOM is the Army command for the New England
area.

-3- 3

Dodd had told this same officer that he (the officer) did not

want to know what equipment was being shipped in the

container.

On December 22, 1992, a grand jury indicted Dodd,

charging him with knowingly facilitating the transportation

or concealment of illegally imported merchandise in violation

of 18 U.S.C. 2 and 545.2 Following a four-day jury

trial, Dodd was convicted. This appeal followed.

II. II.

Discussion Discussion

Dodd essentially raises two issues on appeal: (1)

that the government failed to meet its burden in proving that



2. Dodd's indictment specifically tracked the language of
the second prong of the second paragraph of 18 U.S.C. 545,
which provides punishment for, inter alia:

Whoever fraudulently or knowingly . . .
in any manner facilitates the
transportation, concealment, or sale of
such merchandise after importation,
knowing the same to have been imported or
brought into the United States contrary
to law. . . .

18 U.S.C. 2 provides:

(a) Whoever commits an offense against
the United States or aids, abets,
counsels, commands, induces or procures
its commission, is punishable as a
principal.

(b) Whoever willfully causes an act to be
done which if directly performed by him
or another would be an offense against
the United States, is punishable as a
principal.

-4- 4

the shipment of the Iraqi weapons into the United States was

"contrary to law" and (2) that the relevant language of 18

U.S.C. 545 does not proscribe the conduct for which he was

convicted.3 We discuss each in turn.

A. Sufficiency of the Evidence: Importation Contrary to Law

Dodd contends that the government failed to prove

beyond a reasonable doubt that the Iraqi weapons were

illegally imported into the United States. Dodd does not

dispute that a failure to declare the weapons to U.S. Customs

would constitute a violation of the law, but instead argues

that the evidence was insufficient to support a finding that

the Army did not declare them. We do not agree.

In assessing the sufficiency of the evidence,

"[o]ur task is to review the record to determine whether the

evidence and reasonable inferences therefrom, taken as a

whole and in the light most favorable to the prosecution,

would allow a rational jury to determine beyond a reasonable

doubt that the defendants were guilty as charged." United

States v. Torres-Maldonado, 14 F.3d 95, 100 (quoting United

States v. Mena-Robles, 4 F.3d 1026, 1031 (1st Cir. 1993),

cert. denied, 114 S. Ct. 1550 (1994), modified on other

grounds sub nom., United States v. Piper, 35 F.3d 611, 614-15



3. Additionally, Dodd recharacterizes his second argument as
a challenge to the district court's jury instructions. We
reject this assignment of error for essentially the same
reasons as discussed infra part II.B.

-5- 5

(1st Cir. 1994)). "In arriving at our determination, we must

credit both direct and circumstantial evidence of guilt, but

must do so without evaluating the relative weight of

different pieces of proof or venturing credibility

judgments." United States v. De Masi, No. 92-2062, slip op.

at 16 (1st Cir. Oct. 26, 1994) (internal quotations omitted).

Furthermore, we do not ask whether the government has

disproven every reasonable hypothesis of innocence so long as

the record as a whole supports a verdict of guilt beyond a

reasonable doubt. E.g., United States v. Vavlitis, 9 F.3d

206, 212 (1st Cir. 1993).

At trial, the government introduced documents that

sequentially traced the shipment of the military container

that held the weapons from its initial delivery to Dodd in

Saudi Arabia to its ultimate arrival at Hanscom Air Force

Base in Massachusetts. Each of these documents referenced

the container by its military identification number. None of

them disclosed that the Iraqi weapons were stored in the

container. Furthermore, one document was stamped with a

certification that declared to U.S. Customs that all of the

items covered by that document were produced or manufactured

in the United States.

The government also introduced a carrier

certificate for the container stamped by U.S. Customs that

did not list the weapons. A customs agent testified that, if

-6- 6

the presence of the weapons in the container had been known,

customs officials would have noted them on this form.

Clearly, a reasonable jury could plausibly infer from this

evidence that the weapons were not declared and thus were

brought into the United States in contravention of the law.4

B. Statutory Construction

For his second assignment of error, Dodd

principally argues that the relevant portion of 18 U.S.C.

545 proscribes only conduct that occurs after importation.

See supra note 2. He reasons that one could not facilitate

transportation or concealment of "merchandise" while

possessing the requisite knowledge that it had been illegally

imported if that "merchandise" had not yet entered the United

States. Dodd further contends that because the government's

evidence established only that he performed actions in Saudi

Arabia prior to the shipment of the weapons to the United

States, it was insufficient to sustain his conviction.

Though Dodd's argument presents an interesting

question of statutory construction, we need not address it

here. Assuming arguendo that Dodd has correctly construed

the statute, he nevertheless was also indicted under 18

U.S.C. 2. As noted, section 2(b) of this statute provides,



4. We assume without comment that the Army's failure to
declare the weapons to U.S. Customs would constitute
importation or shipment into the United States "contrary to
law."

-7- 7

"Whoever willfully causes an act to be done which if directly

performed by him or another would be an offense against the

United States, is punishable as a principal." 18 U.S.C.

2(b) (emphasis added).5 A defendant may be convicted under

this section even though the individual who did in fact

commit the substantive act lacked the necessary criminal

intent. United States v. Tashjian, 660 F.2d 829, 842 n.26

(1st Cir.), cert. denied, 454 U.S. 1102 (1981); accord United

States v. Knoll, 16 F.3d 1313, 1323 (2d Cir. 1994), cert.

denied, 63 U.S.L.W. 3414, 3420 (Nov. 28, 1994); United States

v. Walser, 3 F.3d 380, 388 (11th Cir. 1993); United States

v. Laurins, 857 F.2d 529, 535 (9th Cir. 1988), cert. denied,

492 U.S. 906 (1989). The purpose of section 2(b) is to

remove all doubt that one who "causes the commission of an

indispensable element of the offense by an innocent agent or

instrumentality, is guilty as a principal even though he

intentionally refrained from the direct act constituting the

completed offense." 18 U.S.C. 2 revisor's note. See

United States v. Ruffin, 613 F.2d 408, 414 (2d Cir. 1979);

see also United States v. Harris, 959 F.2d 246, 262 (D.C.



5. Dodd's indictment clearly stated that he was charged
under both 18 U.S.C. 545 and 18 U.S.C. 2. Moreover, as
we have noted before, "an aider and abettor charge [referring
to subsections 2(a) and 2(b)] is implicit in all indictments
for substantive offenses, so it need not be specifically
pleaded for an aiding and abetting conviction to be
returned." United States v. Sabatino, 943 F.2d 94, 99-100
(1st Cir. 1991).

-8- 8

Cir.) ("Aider and abettor liability may attach to persons who

are legally incapable of committing an object offense."),

cert. denied, 113 S. Ct. 362 (1992). Therefore, regardless

of whether Dodd's conduct in Saudi Arabia was directly

prohibited by 18 U.S.C. 545, it was nonetheless punishable

under 18 U.S.C. 2(b) if it caused actions to occur after

importation that, had Dodd directly performed them, would

have been violations of 18 U.S.C. 545.

As a consequence of Dodd's actions in Saudi Arabia,

the military container arrived in the United States at Port

Elizabeth, New Jersey, and was subsequently shipped via truck

to Hanscom Air Force Base in Bedford, Massachusetts. Hence,

Dodd's deliberate actions in Saudi Arabia caused various

individuals to take actions facilitating the transportation

of the weapons after their importation. Moreover, had Dodd

performed these acts directly, he would have violated 18

U.S.C. 545 because he would have facilitated the

transportation of the weapons knowing that they had been

illegally imported. Therefore, 18 U.S.C. 2(b) proscribed

Dodd's conduct because he caused acts to be performed that,

had they been performed directly by him, would have been

violations of 18 U.S.C. 545. In other words, by acting

through innocent parties who facilitated the transportation

of the weapons from New Jersey to Massachusetts, Dodd did act

after the importation of the weapons knowing them to have

-9- 9

been illegally imported. In sum, Dodd's actions in Saudi

Arabia were sufficient to support his conviction under 18

U.S.C. 2(b) and 545.

-10- 10

III. III.

Conclusion Conclusion

For the foregoing reasons, the defendant's

conviction is affirmed.

-11- 11